ROBERT B. ELLIS, Appellant, *v.* THE CENTRAL PA-
CIFIC RAILROAD COMPANY OF CALIFORNIA,
Respondent.

Rankin *v.* New England and Nevada Co., (4 Nev. 78) and Yellow Jacket Silver Mining Co. *v.* Stevenson, (*ante*, 224) as to the rule touching the liabilities of corporations upon contracts, approved.

Statement for New Trial—Specification of Error. In a statement on motion for new trial, which contains the charge of the Judge as an entirety, a specification of error, "that the Court erred in giving to the jury the instructions as set forth in this statement," is sufficient.

Appeal from the District Court of the Third Judicial District, Washoe County.

The plaintiff sued as a physician and surgeon for four hundred and seventy dollars, for professional services rendered to defendant, in attending on R. G. Cheshire and F. H. Pedrick, who had been wounded by a collision on the railroad near the town of Verdi, on September 11th, 1868. He recovered judgment, and the defendant then made a motion for new trial, which was granted.

The nature of the objectionable charge referred to in the opinion is thus stated in the opinion of Judge Harris, of the Court below, in granting the new trial: "The Court seems, to some extent, to have based the plaintiff's right to recover upon the proposition in substance, that the jury were first to find from the evidence whether the plaintiff, in good faith, charged the value of his professional services against the defendant; and if so, that the jury were then to determine whether from the acts, requests, or statements of the agents of the defendant, a reasonable and prudent person would

deem himself authorized by the defendant to render professional services at its charge; and whether, under.the disclosures of the evidence, the acts, requests, and statements of the agents, were of such nature only as to the mind of a reasonable and prudent person, in the position of the plaintiff, would appear entirely consistent with personal charity upon their part, and in their nature placing him upon his guard and inquiry as to the liability of the defendant.

"Now, while it is conceived that, as a separate question of fact, the above propositions may properly enough have been submitted to the jury, still, in the absence of any explanatory instruction, it would seem that under the charge as given, the jury might readily have .been induced to consider that the right of the plaintiff to recover could be properly made to hinge upon what would have been the course taken by a reasonable and prudent person in the plaintiff's position—and this, *regardless entirely* of the strict rules of the law of contracts.   I hardly think that the question of contract or no contract can be safely left for determination to such a criterion—hence, I am of opinion that the charge embodies error in this particular."

*Thomas E. Haydon*, for Appellant.

*J. B. Marshall*, for Respondent.

By the Court, WHITMAN, J.:

This appeal is from an order of the District Court of the Third Judicial District, granting respondent, defendant in the Court below, a new trial.   The ground upon which the order is based, is error in the instructions given by the Court, on its own motion, to the jury.

The charge, set forth in the statement, is certainly at variance with the rule touching the liabilities of corporations upon contracts, as held by this Court, in *Rankin* v. *New England and Nevada Company*, (4 Nev. 78) and *The Yellow Jacket Silver Mining Company* v. *Stevenson*, (*ante*, 224).   The views expressed in those opinions sufficiently elucidate the present case, and need not be here repeated.

It is, however, objected that the specification of error in the statement on motion for a new trial was insufficient to warrant its consideration by the Court.    It was held in *Corbett* v. *Job et al.*, (*ante*, 201) that the statute regulating statements on appeal must be complied with, or the statement must be disregarded: so, with motions for a new trial.    The statute provides :

"When the notice designates, as the ground of the motion, error in law occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely."  "If no such specifications be made, the statement shall be disregarded."

The notice in this case, among other grounds, designates the following :  "For error of law in giving instructions to the jury, which were objected to by defendant, and exceptions duly then and there taken."    The attempted specification is :  "For that the Court erred in giving to the jury instructions as set out in this statement." It would have been better to have used the word " charge," instead of "instructions," as the statement shows a continuous charge, without subdivisions—through which a thread of errors runs, as noticed by the District Judge, in his opinion, on granting the motion for a new trial.

Under such a state of facts, the specification was a compliance with the statute : as the charge presented in the statement is an entirety—a single instruction as it were—and as such erroneous. The specification, then, being sufficient, and no abuse of discretion appearing in granting a new trial upon the ground referred to, and for the reasons given by the District Judge, the order of the Court is affirmed, and the cause remanded.

It is so ordered.